*(handwritten across top: 3:08 CV 3114 BZ    ADR    ECF)*

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

TERRELL TURNER; ROBERT YOUNG; ORLANDO MOORE; ANTHONY JACKSON

## DEFENDANTS

CITY OF OAKLAND, a municipal corporation, et al.

**(b)** County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John L. Burris, Esq. SB#69888
Benjamin Nisenbaum, Esq. SB#222173
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120, Oakland, CA  94621 (510) 839-5200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [x] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify) — Transferred from
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment — Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
June 27, 2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                                     Brief Description: <u>Unauthorized reception of cable service</u>

VII.      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
2  LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
3  7677 Oakport Street, Suite 1120
Oakland, California 94621
4  Telephone: (510) 839-5200
Facsimile: (510) 839-3882
5
MICHAEL J. HADDAD, Esq./ State Bar #189114
6  JULIA SHERWIN, Esq./ State Bar #189268
HADDAD & SHERWIN
7  505 Seventeenth Street
Oakland, CA 94612
8  Telephone: (510) 452-5500
Facsimile: (510) 452-5510
9
Attorneys for Plaintiffs
10

11            UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  TERRELL TURNER; ROBERT YOUNG;          Case No. C08-03114
ORLANDO MOORE; ANTHONY JACKSON ,
15                                          COMPLAINT FOR DAMAGES FOR
                                           VIOLATION OF CIVIL RIGHTS.
16        Plaintiffs,                       JURY TRIAL DEMANDED

17        vs.

18  CITY OF OAKLAND,  a municipal corporation;
WAYNE TUCKER, in his capacity as Chief of
19  Police for the CITY OF OAKLAND; PATRICK
GARRANS,  individually and in his capacity as
20  a police officer for the CITY OF OAKLAND;
NADIA CLARK, individually and in her
21  capacity as a police officer for the CITY OF
OAKLAND; F. SHAVIES, individually and in
22  his capacity as a police officer for the CITY OF
OAKLAND; R. JOHNSON, individually and in
23  his capacity as a police officer for the CITY OF
OAKLAND;  M. McGIFFERT, individually and
24  in his capacity as a police officer for the CITY
OF OAKLAND; D. SAWYER, individually and
25  in her capacity as a police officer for the CITY
OF OAKLAND; and,  DOES 1-50, inclusive,
26
27        Defendants.

28

JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

PARTIES

2.      Plaintiff herein, TERRELL TURNER ("TURNER"), is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in Alameda County in California.

3.      Plaintiff herein, ROBERT YOUNG ("YOUNG"), is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in Alameda County in California.

4.      Plaintiff herein, ORLANDO MOORE ("MOORE"), is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in Alameda County in California.

5.      Plaintiff herein, ANTHONY JACKSON  ("JACKSON"), is readily recognizable as an African-American and was at all times herein mentioned a citizen of the United States residing in Alameda County in California.

6.      Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.  The City operates under its authority the Oakland Police Department.

7       At all times mentioned herein, Defendant WAYNE TUCKER ("TUCKER") was employed by Defendant CITY as Chief of Police for the Defendant CITY.  He is being sued in his official capacity as Chief of Police for the City.

8.      At all times mentioned herein, Defendant Officer PATRICK GERRANS ("GERRANS") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as a police officer for the City.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 2

9.   At all times mentioned herein, Defendant officer NADIA CLARK ("CLARK") was employed by Defendant CITY as a police officer. She is being sued individually and in her official capacity as a police officer for the City.

10.   At all times mentioned herein, Defendant officer F. SHAVIES ("SHAVIES") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

11.   At all times mentioned herein, Defendant officer R. JOHNSON ("JOHNSON") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

12.   At all times mentioned herein, Defendant officer M. McGIFFERT ("McGIFFERT") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

13.   At all times mentioned herein, Defendant officer D. SAWYER ("SAWYER") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

14.   Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

15.   In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

16.   Plaintiffs are required to comply with a government code claim requirement for State causes of action. Plaintiffs JACKSON and MOORE have complied with all requirements.

STATEMENT OF FACTS

FACTUAL ALLEGATIONS REGARDING PLAINTIFF TERRELL TURNER

17.     On the night of May 2, 2008, Plaintiff TERRELL TURNER was pulled over by one Oakland Police Department patrol vehicle containing Defendant Officers PATRICK GERRANS and NADIA CLARK, at the intersection of 51st Street and Martin Luther King, Jr. Way in Oakland, California.  Plaintiff TURNER was driving a red, used 1989 Mazda that he had very recently purchased.  Although Plaintiff TURNER had not committed any crime or traffic violation, Defendant Officer GERRANS subsequently issued Plaintiff a citation, which falsely claimed that Plaintiff had failed to stop at a red light, among other allegations.

18.     Plaintiff pulled over when signaled by Defendant Officers GERRANS and CLARK. Both Defendant Officers approached Plaintiff's vehicle. Plaintiff was ordered to exit the vehicle, and was then handcuffed and pat-searched.  The pat-search revealed no weapons or contraband, and the Defendant Officers asked Plaintiff for his identification and asked if he were on probation or parole. Plaintiff was on probation, and provided his identification to the officers.  Although Plaintiff had committed no crime, Defendant Officers placed him in the rear of their patrol vehicle. Plaintiff remained handcuffed while Defendant Officers searched his vehicle for weapons or contraband. Plaintiff possessed no weapons or contraband.

19.     Defendant Officer CLARK, who is an African-American female, approached Plaintiff, who remained seated in the rear of the patrol vehicle.  Officer CLARK searched Plaintiff more thoroughly in the rear of the patrol vehicle, pat-searching around Plaintiff's crotch and removing Plaintiff's shoes and socks.  This search also revealed no weapons or contraband.  Defendant Officer CLARK then pulled Plaintiff out of the patrol vehicle by grabbing Plaintiff's belt. Defendant Officer CLARK broke Plaintiff's belt in the process.  Officer CLARK then called Defendant Officer GERRANS over, while Plaintiff stood in the street, handcuffed and barefoot, behind the closed trunk of the patrol vehicle.

20.     Defendant Officer GERRANS continued the intrusive search of Plaintiff by putting his hands down Plaintiff's pants while Plaintiff stood behind the patrol vehicle in the well-lit street. Without using any gloves, Defendant Officer GERRANS put his hands down the back of Plaintiff's

1  pants, inside Plaintiff's boxer shorts so that the officer's naked hand directly contacted Plaintiff's

2  buttocks. Again, no contraband or weapons were located. Officer GERRANS then reached into the

3  front of Plaintiff's pants, this time keeping his hand between Plaintiff's boxer shorts and pants. Once

4  again, no contraband was located. In conducting this intrusive public strip search, Defendant Officer

5  GERRANS forced Plaintiff's pants down to his thighs. Plaintiff verbally objected throughout this

6  humiliating search, and Defendants responded by repeatedly telling Plaintiff to shut up before they

7  took him to jail.

8       21.    Defendant Officer CLARK claimed to have located some amount of marijuana, but

9  refused to give Plaintiff any information about where she allegedly found it. Plaintiff did not possess

10  any marijuana or contraband. Defendant Officers threatened to tow Plaintiff's vehicle, but released

11  him at the scene after he signed two citations issued by the officers. Officer GERRANS cited

12  Plaintiff on allegations of failing to stop at a red light, not having license plates, having an

13  unregistered vehicle, and having no vehicle insurance. Officer CLARK cited Plaintiff for alleged

14  possession of marijuana while operating a motor vehicle and alleged possession of less than one

15  ounce of marijuana. Plaintiff was released at the scene.

16       22.    Plaintiff filed a complaint against both officers with the Oakland Police Department

17  Internal Affairs Division the following day.

18       23.    The public strip search of Plaintiff described herein was done without any just

19  provocation or cause, proximately causing Plaintiff injuries and resulting damages.

20       24.    Plaintiff alleges on information and belief that defendant officers performed the

21  intrusive public strip-search without probable or reasonable cause pursuant to an official or de facto

22  CITY OF OAKLAND policy condoning and/or ratifying such illegal searches.

23       FACTUAL ALLEGATIONS REGARDING PLAINTIFF ROBERT YOUNG

24       25.    Around noon, on a day in April 2006, Plaintiff ROBERT YOUNG, who was at the

25  time fifty years old and a self-employed clothes salesman, parked his vehicle across the street from

26  his niece's residence near Goss and 7th Streets in Oakland, California. Plaintiff crossed the street to

27  his niece's residence. When Plaintiff reached the curb in front of his niece's residence, an Oakland

28  Police Department Officer ordered: "Stop. Oakland Police." The officer gave the order from a

1   marked Oakland Police Department patrol vehicle that also contained one other Oakland Police

2   officer. Another marked Oakland Police Department vehicle, carrying one Oakland Police officer,

3   pulled up and stopped near Plaintiff. All three officers, whose names are unknown to Plaintiff and

4   are identified herein as DOES 1, 2, and 3, exited their vehicles. The officers asked Plaintiff his name,

5   which Plaintiff readily provided.

6       26.     Defendant Officer DOES began to pat-search Plaintiff, and Plaintiff objected. Plaintiff

7   was not on probation or parole at the time of this incident. The officers asked Plaintiff for his

8   identification, and Plaintiff told them that it was in his vehicle. Defendant Officers accompanied

9   Plaintiff to his vehicle and Plaintiff retrieved his identification and gave it to the officers. When

10  Plaintiff noticed the officers looking through his vehicle's windows he told the officers that they did

11  not have his permission to search his vehicle.

12      27.     While one Defendant Officer DOE ran Plaintiff's name for a warrants check, another

13  Defendant Officer DOE handed a pair of latex gloves to the youngest-looking Defendant Officer

14  DOE present, who had blond hair and wore a white baseball cap. The oldest-looking Defendant

15  Officer DOE then handcuffed Plaintiff's hands behind his back. Plaintiff objected to the handcuffing.

16  The officers conducted a pat-search of Plaintiff that revealed no weapons or contraband. Plaintiff

17  verbally objected to the search and told the officers that he was not on probation or parole. Plaintiff

18  possessed no weapons or contraband. After Plaintiff questioned why the officers were searching him,

19  the officers told Plaintiff that they were just doing their job.

20      28.     The younger, blond haired officer ran his hands around the waistband of Plaintiff's

21  pants. The officer then unbuckled Plaintiff's pants and pulled Plaintiff's pants and boxer shorts down

22  to Plaintiff's thighs, exposing Plaintiff's genitalia. The officer searched Plaintiff's boxer shorts and

23  shook the inside of Plaintiff's pants. No contraband was located. Plaintiff's niece and her family

24  were outside and asked the defendant officers what they were doing with Plaintiff. The defendant

25  officers stopped searching Plaintiff after his family-members questioned them.

26      29.     The older-looking Defendant Officer removed the handcuffs from Plaintiff. Plaintiff

27  continued to tell this Defendant Officer that their conduct in publicly strip searching him was

28  unacceptable. The younger-looking Defendant Officer in the white baseball cap told Plaintiff that the

1    officers could take Plaintiff to jail. The older-looking Defendant Officer assured Plaintiff that he was

2    not going to jail, and told Plaintiff that he just wanted to know Plaintiff's identity. Plaintiff pulled up

3    and re-fastened his pants, and wondered what his identification had to do with publicly strip

4    searching him. Defendant Officers released Plaintiff at the scene without issuing a citation. Plaintiff

5    suffered public humiliation in front of his family-members during the strip search. Humiliated and

6    degraded, he and his family-members went into his niece's home.

7        30.    The detention, search, and arrest of Plaintiff described herein was done without any

8    just provocation or cause, proximately causing Plaintiff injuries and resulting damages.

9        31.    Plaintiff alleges on information and belief that defendant officers performed the

10    intrusive public strip-search without probable or reasonable cause pursuant to an official or de facto

11    CITY OF OAKLAND policy condoning and/or ratifying such illegal searches.

12        FACTUAL ALLEGATIONS REGARDING PLAINTIFF ORLANDO MOORE

13        32.    On the early afternoon of October 30, 2007, Plaintiff ORLANDO MOORE, a thirty-

14    two year old African American male, stood in the parking lot of 1340 65th Avenue, near the

15    intersection of E. 14th Street, in Oakland, California, talking to a female acquaintance. Since

16    September 2007 Plaintiff had been providing in-home care for his godmother, who suffers from

17    throat cancer. Plaintiff's godmother resided nearby.

18        33.    Plaintiff saw two marked Oakland Police Department vehicles drive past him on East

19    14th Street. Plaintiff, who was on parole, began to walk away. Plaintiff was abruptly cut off by the

20    two police vehicles. Officers in both vehicles exited. Plaintiff recognized one of the Defendant

21    Officers as Defendant Officer FRED SHAVIES, who is near Plaintiff's age and went to high school

22    locally. Defendant Officer R. JOHNSON and Officers S. Millington and K. Rush were also present.

23        34.    An officer believed to be Defendant Officer R. JOHNSON handcuffed Plaintiff and

24    was assisted by Defendant Officer SHAVIES in conducting an initial pat down search of Plaintiff.

25    Plaintiff possessed no contraband, and had a small amount of cash in his possession, which was born

26    out by the pat down search of Plaintiff. Plaintiff's cell-phone began ringing during the search, and

27    Defendant Officer SHAVIES answered Plaintiff's phone. Defendant Officer SHAVIES, pretending

28    to be Plaintiff, told the caller that the police were gone. The caller could be heard saying that he was

1    hiding in the restroom of "The Fish King", a nearby restaurant.  Officer Rush then went to the Fish

2    King, apparently to track down the caller who hid in the restroom.

3       35. Defendant Officer SHAVIES placed Plaintiff in the rear of his police vehicle and

4    drove to the parking lot of "The Fish King" restaurant.  Defendant Officers SHAVIES and

5    JOHNSON opened the rear door of their police vehicle and began searching Plaintiff more

6    thoroughly.  They removed Plaintiff's shoes, found nothing, and replaced Plaintiff's shoes.

7    Defendant Officer JOHNSON removed Plaintiff's cash, approximately $50, and threw it on the back

8    seat of the police vehicle.  Defendant Officer JOHNSON then placed Plaintiff in the "v" between the

9    open rear passenger side door of the police vehicle. Plaintiff wore jeans, a loose-fitting belt, a black t-

10    shirt, GAP boxer-briefs, and a blue and white jacket.

11       36. Defendant Officer JOHNSON pulled Plaintiff's jeans and boxer-briefs backward,

12    lifted and shook the clothing, and looked down at Plaintiff's buttocks.  Defendant JOHNSON then

13    reached inside Plaintiff's underwear with his hand.  Plaintiff possessed no contraband, or any other

14    object in his boxer-briefs.  Defendant Officer JOHNSON then placed Plaintiff back in the police

15    vehicle.

16       37. Defendant Officer SHAVIES spoke with Officer D. Thurston by telephone. Officer

17    Thurston, who was a member of the PAC team, which focuses on the apprehension of parolees, told

18    SHAVIES to obtain information from Plaintiff about another acquaintance of Plaintiff's, nicknamed

19    "Shamu."  Officer Thurston told Defendant Officer SHAVIES to take Plaintiff to jail if he did not

20    provide any information about "Shamu."  Apparently unknown to the officers, at the time of this

21    incident "Shamu" was in custody on a parole violation. Plaintiff gave no statement and was

22    transported to jail in another vehicle, driven by a different officer, along with two of Plaintiff's

23    acquaintances who had been in the parking lot.

24       38. Defendant Officer R. JOHNSON later prepared a police report in which he claimed

25    that Plaintiff and the two other people arrested with Plaintiff were allegedly "loitering" in the parking

26    lot. Defendant Officer JOHNSON wrote in his report that he elected to detain Plaintiff because he

27    believed there was criminal activity afoot.  Defendant JOHNSON alleged that his search of Plaintiff

28

revealed evidence of criminal activity,specifically, a total of $80 in cash recovered from Plaintiff's right front pocket.  Plaintiff was not involved in any criminal activity.

39.     Plaintiff was in jail for 7 days.  He faced charges of loitering with the intent to sell narcotics and a parole hold.  No charges were filed against Plaintiff and his parole was not violated. The day after Plaintiff was released from custody, he filed an Internal Affairs complaint pertaining to the subject-incident.

40.     The detention, search, and arrest of Plaintiff described herein were done without any just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

41.     Plaintiff alleges on information and belief that defendant officers performed the intrusive public strip-search without probable or reasonable cause pursuant to an official or de facto CITY OF OAKLAND policy condoning and/or ratifying such illegal searches.

FACTUAL ALLEGATIONS REGARDING PLAINTIFF ANTHONY JACKSON

42.     On June 2, 2007, Plaintiff ANTHONY JACKSON drove a friend's vehicle in the area of 107th Avenue in Oakland, accompanied by a female acquaintance.  Plaintiff was pulled over by an Oakland Police Department vehicle.  For unknown reasons, approximately four other Oakland Police Department vehicles, including one with a police sergeant, immediately arrived at the scene, near Meyer Street.

43.     Officers at the scene cursed at Plaintiff, for no apparent reason.  Plaintiff had been stopped and cited about one month before, on May 9, for having a joint of marijuana in the trunk of his vehicle. At that time, officers told Plaintiff that he had been on their "radar" since 1993. The May 9th charge was later dismissed, as Plaintiff had a written recommendation from a physician for the use of marijuana to treat a medical condition.  Several of the officers at the scene of the June 2, 2007 stop were also involved in the earlier May 9th stop.

44.     After Plaintiff was stopped on June 2, for unknown reasons, some officers at the scene cursed at Plaintiff and told him that they were going to beat him.  One officer screamed at Plaintiff to "get out of the goddamned car!"  Plaintiff was pulled from his vehicle, and so was his female acquaintance.  Plaintiff was handcuffed and walked to the back end of a police vehicle.  Several officers continued to curse at Plaintiff and threaten him.  Plaintiff's friend was taken to another police

vehicle where she began crying.  She had been in possession of paraphernalia, consisting of a crack pipe.

45.    Plaintiff, who remained handcuffed, was subjected to an egregious strip search.  His pants were undone and pulled down to his knees.  Several officers stood around Plaintiff while one officer visually inspected Plaintiff's anus. Plaintiff's pants were pulled down for a significant period of time during the search.

46.    Plaintiff's female acquaintance was also subjected to a humiliating public strip search. When a crack pipe was located in one of her pockets, both were arrested.  Plaintiff was transported to jail, where he was once again strip searched.   Plaintiff bailed out of jail and charges against him were subsequently dismissed.

47.    Defendant CITY has only provided information identifying one officer, Defendant Officer McGIFFERT, regarding the subject-incident.  The remainder of the police report has been withheld from Plaintiff's counsel.

48.    The detention, search, and arrest of Plaintiff described herein was done without any just provocation or cause, proximately causing Plaintiff injuries and resulting damages.

49.    Plaintiff alleges on information and belief that defendant officers performed the intrusive public strip-search without probable or reasonable cause pursuant to an official or de facto CITY OF OAKLAND policy condoning and/or ratifying such illegal searches.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against all individually named Defendant Officers and DOES 1-40 named in their individual capacity)

50.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

51.    In doing the acts complained of herein, each Defendant Officer named in their individual capacities, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth and Fourteenth Amendments to the United States Constitution;

b.    The right to equal protection of the law as guaranteed by the Fourteenth Amendment

to the United States Constitution.

52.    As a proximate result of defendants' conduct, Plaintiffs suffered damages as

hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants TUCKER, CITY OF OAKLAND, DOES 41-50)

53.    Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 52

of this Complaint.

54.    As against Defendant CITY, TUCKER, and/or DOES 41-50 in his/their capacity as

official policy-maker(s) for the CITY OF OAKLAND, Plaintiffs further allege that the acts and/or

omissions alleged in the Complaint herein are indicative and representative of a repeated course of

conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy

or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard

for the constitutional rights of citizens.

55.    Plaintiffs are further informed and believe and thereon allege that the acts and

omissions alleged herein are the direct  and proximate result of the deliberate indifference of

Defendants CITY, TUCKER, DOES 41-50, and each of them, to repeated acts of police misconduct,

including  intrusive, humiliating, public strip searches without probable or reasonable suspicion of

that individuals are engaged in criminal wrongdoing or concealing weapons, drugs, or dangerous

contraband in private areas of their bodies, and without probable cause to believe that exigent

circumstances for a public strip search exist, all of which were tacitly authorized, encouraged or

condoned by the Defendant CITY,  TUCKER, DOES 41-50, and each of them.

56.    The injuries and damages to Plaintiffs as alleged herein were the foreseeable and

proximate result of said customs, policies, patterns and/or practices of Defendant CITY, TUCKER,

DOES 41-50, and each of them.

57.    Plaintiffs are further informed and believe and thereon allege that the damages

sustained as alleged herein were the direct and proximate result of municipal customs and/or policies

of deliberate indifference in the training, supervision and/or discipline of members of the Defendant

OAKLAND Police Department.

58.    Plaintiffs are further informed and believe and upon such information and belief allege

that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of

Defendant CITY, TUCKER, DOES 41-50, and each of them, of deliberate indifference in the

training, supervision and/or discipline of each individually named Defendant Officer and DOES 1-40,

and/or each of them.

59.    The aforementioned customs, policies or practices of Defendant CITY, TUCKER,

DOES 41-50, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights

including, but not limited to, the following:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth and Fourteenth Amendments to the United States Constitution;

b.   The right to equal protection of the law as guaranteed by the Fourteenth Amendment to

the United States Constitution.

60.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States Constitution.

61.    As a proximate result of defendants' conduct, Plaintiffs suffered damages as

hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(Assault and Battery)

(Plaintiffs MOORE, and JACKSON against Defendant Officers JOHNSON, SHAVIES,
MCGIFFERT,  Does 1-40, and CITY OF OAKLAND inclusive,)

62.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 61 of this

Complaint.

63.    Defendant Officers JOHNSON, SHAVIES, MCGIFFERT, and DOES 1-40,

inclusive, placed Plaintiffs in immediate fear of death, sexual battery, and severe bodily harm,

without any just provocation or cause, and constitutes assault and battery.

64.    These defendants' conduct was neither privileged nor justified under statute or

common law.

65.    As a proximate result of defendants' conduct, Plaintiffs suffered damages as

hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Plaintiffs MOORE and JACKSON against Defendant Officers JOHNSON, SHAVIES,
MCGIFFERT  DOES 1-40, and CITY OF OAKLAND inclusive)

66.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 64 of this

Complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 13

67.    The conduct of Defendant Officers JOHNSON, SHAVIES, MCGIFFERT and DOES 1-40, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

68.    As a proximate result of Defendants' willful, intentional and malicious conduct plaintiff suffered severe and extreme mental and emotional distress.  Therefore, Plaintiffs are entitled to an award of compensatory and punitive damages as against said defendants.  Plaintiffs have suffered damages as hereinafter set forth that were proximately caused by Defendants' conduct as described herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Plaintiffs MOORE and JACKSON against Defendant Officers JOHNSON, SHAVIES, MCGIFFERT, DOES 1-40, and CITY OF OAKLAND inclusive)

69.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 68 of this complaint.

70.    Plaintiffs are informed and believes and thereon allege that the conduct of Defendant Officers JOHNSON, SHAVIES, MCGIFFERT,  DOES 1-40, and CITY OF OAKLAND , inclusive, as described herein, was motivated by racial prejudice against Plaintiffs.  Plaintiffs are and were readily recognizable as African-American.  In engaging in such conduct, Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

71.    Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, for an additional $25,000.00 penalty, and for reasonable attorney's fees.

72.    As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Plaintiffs MOORE and JACKSON against Defendant Officers JOHNSON, SHAVIES, MCGIFFERT, DOES 1-40, and CITY OF OAKLAND inclusive)

73.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 72 of this Complaint.

74.    The conduct of Defendant Officers JOHNSON, SHAVIES, MCGIFFERT and DOES 1-40, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights and failed to make a proper or reasonable search of Plaintiffs.

75.    As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

764.    Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to respondeat superior.

77.    Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 15

SEVENTH CAUSE OF ACTION
(Negligence)
(Plaintiffs MOORE AND JACKSON against Defendant Officers JOHNSON, SHAVIES, MCGIFFERT, DOES 1-40, and CITY OF OAKLAND, inclusive )

78.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 77 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

79.     At all times herein mentioned, Defendants JOHNSON, SHAVIES, MCGIFFERT, and DOES 1-40, inclusive were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through the training of police officers in making proper and reasonable searches of people, and in police officers making proper and reasonable searches of people. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

80.     As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

JURY DEMAND

81.     Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, Plaintiffs each pray for relief, as follows:

1.     For general damages in a sum of $1,000,000.00;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 16

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988, Cal. Civil Code §§ 52, 52.1, and 51.7, Cal Code of Civ. Proc. § 1021.5, and as otherwise provided by state and/or federal law;

5.    For injunctive relief enjoining Defendant CITY OF OAKLAND from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from conducting unlawful strip searches against persons, and requiring Defendants to implement lawful training and policies, pursuant to California Civil Code Section 52.1 and as otherwise provided by law;

6.    For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

7.    For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees

8.    For cost of suit herein incurred; and

9.    For such other and further relief as the Court deems just and proper.

Dated:  June 24, 2008

**The Law Offices of John L. Burris**

John L. Burris, Esq.
Attorney for Plaintiffs

Dated:  June 24, 2008

**Haddad & Sherwin**

/s/ Michael J. Haddad
Michael J. Haddad, Esq.
Attorney for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 17