JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

MICHAEL J. HADDAD, Esq./ State Bar #189114
JULIA SHERWIN, Esq./ State Bar #189268
HADDAD & SHERWIN
505 Seventh Street
Oakland, CA 94612
Telephone: (510) 452-5500
Facsimile:  (510) 452-5510

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TAYLOR, et al.,<br><br>                    Plaintiffs,<br>vs.<br>CITY OF OAKLAND,  a municipal corporation; et al.,<br>                    Defendants.<br>_____<br><br>JIMMY RIDER,            No. C-05-3204 MHP<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; et al. ,<br>                    Defendants.<br>_____ | Related Case No. C-04-4843 MHP<br><br>**NOTICE AND ADMINSTRATIVE MOTION TO DETERMINE WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)**<br><br>*No hearing date pursuant to Civil L.R. 7-11* |

| | |
|---|---|
| DARNELL FOSTER, et al. No. C05-3110 MHP | |
|        Plaintiffs, | |
| vs. | |
| CITY OF OAKLAND, a municipal corporation; et al., | |
|       Defendants. | |

DARNELL FOSTER, et al. No. C05-3110 MHP

        Plaintiffs,

vs.

CITY OF OAKLAND, a municipal corporation; et al.,

        Defendants.

TYRONE MOORE, et al.     No. C06-2426 MHP

        Plaintiffs,

vs.

CITY OF OAKLAND, a municipal corporation; et al.,

        Defendants.

JEFFRIE MILLER, et al.     No. C07-1773 MHP

        Plaintiffs,

vs.

CITY OF OAKLAND, a municipal corporation; et al.,

        Defendants.

DAVID WARD, et al.     No. C07-04179 MHP

        Plaintiffs,

vs.

CITY OF OAKLAND, a municipal corporation; et al.,

        Defendants.

| | |
|---|---|
| JOHN SMITH,  et al.    No. C07-6298 MHP<br><br>                    Plaintiffs,<br>vs.<br><br>CITY OF OAKLAND, a municipal corporation;<br>et al.,<br>                    Defendants. | |

## NOTICE

NOTICE TO ALL COUNSEL OF RECORD IN THE PRESENT CASE AND IN <u>TERRELL TURNER, et al. V. CITY OF OAKLAND, et al,</u> case no. C 08 3114 BZ:

This Motion for Administrative Relief is brought by TERRELL TURNER, ROBERT YOUNG, ORLANDO MOORE and ANTHONY JACKSON , Plaintiffs in <u>TURNER, et al v. City of Oakland</u>, pursuant to Civil Local Rules 7-11 and 3-12.  No hearing date is scheduled, pursuant to Civ. L. R. 7-11.

For the reasons stated below, Plaintiffs TERRELL TURNER, ROBERT YOUNG, ORLANDO MOORE, and ANTHONY JACKSON request that this court find their new civil action to be related to the present case, because both actions concern substantially the same parties, policies, and events, and because it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 3-12 sets forth the following format and factors to be considered for an administrative motion to consider whether cases should be related:

1.    **TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE:**

   a.    <u>Turner, et al. v. City of Oakland, Officer Patrick Garrans, et al.</u> case no. C 08 3114 BZ (hereinafter "<u>Turner</u>");

   b.    <u>Smith, et al. v. City of Oakland, Officer J. Koster, et al.</u> case no. C 07 6298 JCS (hereinafter "<u>Smith</u>");

    c.  <u>Ward, et al. v. City of Oakland, Officer Bradley Baker, et al.</u> case no. C 07 04179 MHP (hereinafter "<u>Ward</u>");

    d.  <u>Miller, et al. v. City of Oakland, Officer R. Alcantar, et al.</u> case no. C 07 01773 MHP (hereinafter   "<u>Miller</u>");

    e.  <u>Moore, et al. v. City of Oakland, Officer G. Loud, et al.</u> C 06 02426 MHP (hereinafter, "<u>Moore</u>");

    f.  <u>Taylor, et. al. v. City of Oakland, Officer B. Estrada, et. al.</u>, no. C-04-4843 MHP (hereinafter, "<u>Taylor</u>");

    g.  <u>Rider v. City of Oakland, Officer B. Estrada, et. al.</u>, No. C-05-3204 MHP (hereinafter, "<u>Rider</u>");

    h.  <u>Foster, et al. v. City of Oakland, Officer J. Festag, Officer William Bergeron, et al.</u>, No. C-05-3110 MHP (hereinafter, "<u>Foster</u>").

**2.**    **<u>RELATIONSHIP OF THE ACTIONS ACCORDING TO CRITERIA SET FORTH IN CIVIL L.R. 3-12</u>:**

    a.    <u>All Actions Concern Substantially the Same Parties, Policies, and Events</u>.

Each of these actions arise from public strip searches performed on young, African-American men, in the City of Oakland, and public exposure of Plaintiffs' underwear, buttocks, and/or genitalia, without any justification by Oakland Police Officers.

| <u>PLAINTIFF</u> | <u>CASE N0.</u> | <u>PUBLIC STRIP SEARCH DOI</u> | <u>OFFICER</u> |
|---|---|---|---|
| <u>1.</u>  James Taylor | 04-4843 MHP | btwn 11/13/2002 and 10/21/2003 | B. Estrada |
| 2.  Jimmy Rider | 05-3204 MHP | btwn 11/13/2002 and 10/21/2003 | B. Estrada |

| PLAINTIFF | CASE N0. | PUBLIC STRIP SEARCH DOI | OFFICER |
|---|---|---|---|
| 3.  Robert Forbes | 04-4843 MHP | January 15, 2004 | Oakland Police Ofc. Does |
| 4.  Darnell Foster | 05-3110 MHP | February 27, 2004 | J. Festag |
| 5.  Tyrone Moore | 04-2426 MHP | April 20, 2004 | G. Loud and S. Bowling |
| 6.  Richard Tillman | 07-1773 MHP | March 3, 2005 | Oakland Police Ofc. Does |
| 7.  Rafael Duarte | 05-3110 MHP | March 9, 2005 | Oakland Police Ofc. Does |
| 8.  Deandre Wash | 05-3110 MHP | March 9, 2005 | Oakland Police Ofc. Does |
| 9.  Michael Holmes | 07-4179 MHP | August 16, 2005 | Oakland Police Ofc. Does |
| 10. Tony Armstrong | 07-4179 MHP | August 20, 2005 | Oakland Police Ofc. Does |
| 11. Michael Holmes | 07-4179 MHP | September 22, 2005 | Oakland Police Ofc. Does |
| 12. Mark Engram | 07-4179 MHP | September 22, 2005 | Oakland Police Ofc. Does |
| 13. Richard Rix | 07-4179 MHP | September 22, 2005 | Oakland Police Ofc. Does |
| 14. Richard Rix | 07-4179 MHP | late October 2005 | Oakland Police Ofcs. Does |

| PLAINTIFF | CASE N0. | PUBLIC STRIP SEARCH DOI | OFFICER |
|---|---|---|---|
| 15. Glenn Lovely | 07-1773 MHP | November, 2005 | Oakland Police Ofc. Does |
| 16. Jomal Reed | 07-1773 MHP | December 2, 2005 | Oakland Police Ofc. Does |
| Jeffrie Miller | 07-1773 MHP | April 27, 2006 | Oakland Police Ofc. Does |
| 17. James Tyson | 07-4179 MHP | April 15, 2006 | Bradley Baker |
| 18. Robert Young | 08-3114 BZ | April, 2006 | Oakland Police Ofc Does |
| 19. Kevin Bradley | 07-1773 MHP | September, 2006 | Oakland Police Ofc. Does |
| 20. Jason Cagler | 07-1773 MHP | October 25, 2006 | Oakland Police Ofc. Does |
| 21. David Ward | 07-4179 MHP | December 11, 2006 | Bradley Baker |
| 22. Mark Engram | 07-4179 MHP | January 16, 2007 | Oakland Police Ofc. Does |
| 23. Curtis Freeman | 07-1773 MHP | January 21, 2007 | Oakland Police Ofc. Does |
| 24. Michael Holmes | 07-4179 MHP | February 2007 | Oakland Police Ofc. Doe |
| 25. Orlando Moore | 08-3114 BZ | October 30, 2007 | Fred Shavies, R. Johnson |
|  |  |  |  |

| PLAINTIFF | CASE N0. | PUBLIC STRIP SEARCH DOI | OFFICER |
|---|---|---|---|
| 26. Anthony Jackson | 08-3114 BZ | June 2, 2007 | M. McGiffert |
| 27. Terrell Turner | 08-3114 BZ | May 2, 2008 | Patrick Garrans, Nadia Clark |

Plaintiff Jimmy Rider and Plaintiff James Taylor both allege that they were strip searched by police officer B. Estrada between November 13, 2002 and October 21, 2003.  Plaintiff Robert Forbes alleges a similar strip search on January 15, 2004, by other officers. Plaintiff Darnell Foster alleges a public strip search conducted by Officer J. Festag on February 27, 2004. Plaintiff Rafael Duarte alleges a public strip search by other Oakland police officers on March 9, 2005. Plaintiff Wash was involved in the same incident as Plaintiff Duarte and suffered the same type of public strip search. Plaintiff Moore alleges a strip search by Officer G. Loud and S. Bowling on April 20, 2004 that did not occur on the street, but in public behind an apartment building. Plaintiff Miller alleges a similar strip search as Plaintiff Foster that occurred on April 27, 2006. Plaintiff Tillman alleges a strip search including opening his pants in public and shining a flashlight on his underwear on March 3, 2005.  Plaintiff Cagler alleges a similar strip search as Plaintiffs Wash and Duarte that occurred on October 25, 2006. Plaintiff Jomal Reed alleges a similar public strip search that occurred on December 2, 2005. Plaintiff Curtis Freeman alleges a similar public strip search that occurred on January 21, 2007. Plaintiff Glenn Lovely alleges a similar public strip search that occurred on in October or November, 2005. Plaintiff Kevin Bradley alleges a similar public strip search that occurred in September 2006. Plaintiff Ward alleges a similar public strip search that occurred on December 11, 2006 by Defendant Bradley Baker on Milton Street in Oakland. Plaintiff Tyson alleges a similar public strip search by Defendant Officer Baker that occurred on August 15, 2006 also on Milton Street.  Plaintiff Holmes alleges three similar strip search that occurred on August 16, 2005, September 22, 2005 and February 2007. Richard Rix alleges similar strip search occurrences on in late-October 2005, as well as the

same strip search incident as Plaintiffs Holmes and Engram on September 22, 2005.  Plaintiff Engram

alleges a similar strip search that occurred on January 16, 2007, as well as the same public strip

search incident as Plaintiffs Holmes and Rix on September 22, 2005.  Plaintiff Armstrong alleges a

similar strip search, with exposure of his underwear, on or about August 20, 2005. Plaintiff Smith

alleges a similar strip search, in addition to physical penetration of his anus, on or about May 8, 2007

by Defendant Officers J. Koster and Brown.  Plaintiff Robert Davis alleges a similar strip search

Plaintiff Terrell Turner alleges a similar strip search on May 2, 2008 by Officers Nadia Clark and

Patrick Garrans.  Plaintiffs Anthony Jackson alleges a similar strip search on June 2, 2007 by Officer

M. McGiffert as well as other unknown officers.  Plaintiff Robert Young alleges a similar strip search

that occurred in April 2006 committed by unknown Oakland Police officers. Plaintiff Orlando Moore

alleges a similar strip search that occurred onOctober 30, 2007, committed by Officers Fred Shavies

and R. Johnson. Issues of opportunity, practice, plan, knowledge, identity, absence of mistake, and

other common issues of fact may be admissible against Officers Baker and Vass and others pursuant

to Federal Rule of Evidence 404(b), among other bases.

Furthermore, it appears that the strip searches complained of in these actions were part of a

larger policy and practice of the Oakland Police Department (OPD).

In the Third Quarterly Report of the Independent Monitoring Team set up to  monitor the

Oakland Police Department under the consent decree in Delphine Allen, et al., v. City of Oakland,

Master File No. 00-4599 TEH, the Monitoring Team noted a "pattern of possibly improper 'strip'

searches" conducted by OPD officers on the street.  See Declaration of MICHAEL J. HADDAD  in

Support of Administrative Motion, Exhibit A, p. vii filed previously in his Declaration supporting

Administrative Motion to relate Rider v. City of Oakland case no. C-05-3204 WHA.  In a later report

filed October 22, 2004, the Monitoring Team noted that "The Department [OPD] identified a long-

standing and problematic practice of conducting strip searches in the field."  See Declaration of

MICHAEL J. HADDAD  in Support of Administrative Motion, Exhibit B filed previously in his

Declaration supporting Administrative Motion to relate <u>Rider v. City of Oakland</u> case no. C-05-3204 WHA.

And, in the 2004 Semi-Annual Report of Oakland's Citizens' Police Review Board (CPRB), the Board noted that it had received six complaints of unlawful strip searches by OPD officers between 2000 and 2003, sustained the complaints in the two incidents in which the Board held hearings, and concluded that "the issue was a department-wide policy issue as well as an individual misconduct issue." See Declaration of MICHAEL J. HADDAD in Support of Administrative Motion, Exhibit C, p. 40-41 filed previously in his Declaration supporting Administrative Motion to relate <u>Rider v. City of Oakland</u> case no. C-05-3204 WHA. The CPRB recommended that the OPD revise its strip search policy and provide training to officers. <u>Id</u>.

As the Plaintiffs stated in the Joint Case Management Conference Statement filed in <u>Taylor</u>, "It must be noted that since the filing of this lawsuit, several more victims of the alleged practice by Defendant City of Oakland of its officers performing public anal cavity searches without cause have come forward. These cases are being investigated by Plaintiff's attorneys, which will likely result in the filing of further related cases, which Plaintiffs will seek to consolidate with the instant litigation." <u>Taylor</u>, Docket entry no. 7, p. 2. The cases to be related are in addition to those known to Plaintiff's attorneys at the time of the <u>Taylor</u> Joint Case Management Conference Statement. Further, Plaintiff's counsel has become aware several more similar public strip search complainants who have come forward since the filing of the <u>Smith</u> lawsuit. Plaintiffs' attorneys anticipate filing further Complaints on behalf of victim of similar public strip searches by members of the Oakland Police Department.

In addition to other avenues to municipal liability, a municipality may be liable for constitutional violations resulting from "a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city." Ninth Circuit Model Civil Jury

Instruction 11.2, Municipal Liability (see also cases cited therein).  Plaintiffs in these cases can attempt to prove that an unconstitutional custom of strip searches existed within the OPD by offering evidence that the practice was widespread, etc.  Thus, evidence of the other strip search incidents is likely to be relevant in each of these separately filed actions.

Additionally, the ratification of illegal strip searches by policy-makers, the failure to adequately train officers in the law concerning strip searches, the failure to properly investigate and discipline incidents of illegal strip searches, or the failure to have a proper strip search policy in the face of an obvious need for one can also support municipal liability in these actions.  Id.; Ninth Circuit Model Civil Jury Instruction 11.4, Failure to Train.

The Court has ruled that the CITY's policy pertaining to public strip searches is Unconstitutional to the extent that it permits public strip searches of individuals based on less than probable cause that a person may be concealing a weapon or contraband beneath their clothing. The extent to which strip searches were done pursuant to a custom, policy, or practice of the OPD will be an issue in Smith, Ward, Miller, Moore, Taylor, Rider, and Foster.  Further, Plaintiffs in each case seek injunctive relief concerning such strip searches, including the formulation and review of lawful policies by the Department, and proper officer training.

Plaintiff's motion for Summary Adjudication regarding Defendant CITY's current and previous search policies is currently pending before the Court.

b.    It Appears Likely That There Will Be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results If the Cases Are Conducted Before Different Judges.

These cases will require essentially the same discovery for the Monell municipal liability claims.  The same OPD command staff and officers will need to be deposed, and several have already been deposed; the same documents will need to be produced and examined; and to the extent expert

testimony is required, it will cover essentially the same policy issues.

Ultimately, the injunctive relief claims in each action can best be resolved together, whether resolution of such claims is by settlement or by the factual and legal rulings of a court. Settlement is greatly complicated, and conflicting rulings are quite possible, if these actions proceed separately.

Finally, further cases under investigation by Plaintiffs' counsel arising from similar strip searches and from the same OPD customs, policies, and practices, will require an orderly and consistent approach from a single court.

For the reasons stated herein, Plaintiffs TERRELL TURNER, ROBERT YOUNG, ANTHONY JACKSON, and ORLANDO MOORE respectfully request that this Court relate their newly filed case with the previously filed <u>Smith,</u> <u>Ward,</u> <u>Taylor,</u> <u>Miller</u>, <u>Moore</u>, <u>Foster</u>, and <u>Rider</u> actions.


                                    RESPECTFULLY SUBMITTED,

DATED:  July 21, 2008               Law Offices of John L. Burris


                                    /s/ Benjamin Nisenbaum
                                    BENJAMIN NISENBAUM
                                    Attorneys for Plaintiffs
                                    DAVID WARD, et al.
///
///
///
///
///
///
///
///
///
///
///
///

**(PROPOSED) ORDER**

PURSUANT TO PLAINTIFFS' administrative motion, the above-captioned case, *TURNER, et al. v. CITY OF OAKLAND, et al.*, case no. C 08 3114 BZ is hereby ordered related to the previously filed Smith, Ward, Taylor, Miller, Moore, Foster, and Rider actions.


Dated:_____                                    _____

                                                      Hon. Marilyn Hall Patel
                                                      UNITED STATES DISTRICT JUDGE